Matter of E.M. (2005 NY Slip Op 50462(U))

[*1]

Matter of E.M.

2005 NY Slip Op 50462(U)

Decided on March 31, 2005

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 31, 2005

Family Court, Nassau County
In the Matter of E.M., A Person Alleged to be a Juvenile Delinquent, Respondent.

Richard Lawrence, J.
In this juvenile delinquency matter, the Respondent admitted to acts which would, if the Respondent were an adult, constitute sexual abuse in the second degree, in violation of §130.60(2) of the Penal Law, a class A misdemeanor. Thereafter, the matter was referred to the Nassau County Probation Department for an investigation and report, returnable January 5, 2005. On that latter date, the dispositional hearing was adjourned on consent until February 3, 2005, pending receipt by the Court of a psychiatric examination of the Respondent together with a report from a clinical social worker who specializes in treating sex offenders. Each of these reports were secured by Respondent's counsel.
In addition, and on January 5, 2005, the Court was advised that there was a voluntary diagnostic evaluation being conducted at North Shore LIJ Schneider Children's Hospital by Dr. Barbara Libov, a clinical psychologist. Dr. Libov's report was not available on
February 3, 2005; however, both the Presentment Agency and the Respondent agreed to proceed to disposition without Dr. Libov's report.
On February 3, 2005, the Respondent was adjudicated a juvenile delinquent, and on consent, the disposition was a period of proba-
tion for two years with the Nassau County Probation Department.
 PRESENTMENT AGENCY'S ARGUMENT
The Presentment Agency now moves, by way of "notice of motion to reargue and renew the dispositional order" entered by this Court on February 3, 2005. The notice of motion page cites that the motion is being made pursuant to CPLR §2221 [sic], which states as follows:
Rule 2221. Motion affecting prior order
(a) A motion for leave to renew or to reargue a
prior motion, for leave to appeal from, or to
stay, vacate or modify, [sic] an order shall be
[*2]
made, on notice, to the judge who signed the
order, unless he or she is for any reason unable
to hear it, except that:
1. if the order was made upon a default such
motion may be made, on notice, to any judge
of the court; and
2.if the order was made without notice such
motion may be made, without notice, to the
judge who signed it, or, on notice, to
any judge of the court.
(b)Rules of the chief administrator of the
courts. The chief administrator may by rule
exclude motions within a department, district
or county from the operation of subdivision (a)
of this rule.
(c)A motion made to other than a proper judge
under this rule shall be transferred to the
proper judge.
(d)A motion for leave to reargue:
1. shall be identified specially as such;
2.shall be based upon matters of fact or
law allegedly overlooked or misapprehended
by the court in determining the prior motion,
but shall not include any matters of fact
not offered on the prior motion; and
3.shall be made within thirty days after
service of a copy of the order determining
the prior motion and written notice of its
entry. This rule shall not apply to motions
to reargue a decision made by the appellate
division or the court of appeals.
(e)A motion for leave to renew:
1.shall be identified specifically as such;
2.shall be based upon new facts not offered
[*3]
on the prior motion that would change the
prior determination or shall demonstrate that
there has been a change in the law that would
change the prior determination; and
3.shall contain reasonable justification
for the failure to present such facts on the
prior motion.
(f)A combined motion for leave to reargue and
leave to renew shall identify separately and support
separately each item of relief sought. The court, in
determining a combined motion for leave to reargue
and leave to renew, shall decide each part of the
motion as if it were separately made. If a motion
for leave to reargue or leave to renew is granted,
the court may adhere to the determination on the
original motion or may alter that determination.
The supporting affirmation by the Presentment Agency states that at the time the disposition was settled on February 3, 2005, that there was no report submitted by Dr. Libov, but that the Presentment Agency now has received the report and that the report indicates that Dr. Libov "will not accept" the Respondent into Schneider's outpatient sex offender placement as she feels he presents "too great of a risk."
The supporting affirmation continues that the "report is a vital piece of information which should be considered by the court before a final disposition is reached in this matter."
The Presentment Agency stresses in its affirmation that at the time of disposition, the Court had two reports, both "paid for by the Respondent," but that those reports were each allegedly faulty in certain respects.
The Presentment Agency concludes in its affirmation that it "remains questionable whether the Respondent will be able to comply with the conditions of probation as set by this Court," which con-
ditions include sex offender treatment.
The memorandum of law submitted in support of the motion argues that the Presentment Agency should be allowed "to reargue
[*4]
the dispositional order" because "the Court overlooked the vital report of Dr. Libov."
Authority given for this proposition is that "A motion for reargument is addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision (citations omitted)."
The Presentment Agency's second argument in its memorandum of law is that it should be allowed to "renew the dispositional order because Dr. Libov's report is a new piece of evidence which could change the disposition ordered for this Respondent."
In support of this latter proposition, the Presentment Agency argues: "While a motion for leave generally should be based on newly-discovered facts, the rule is flexible, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided the movant offers a reasonable justification for the failure to submit the additional facts on the original motion (citations omitted)."
The Presentment Agency concedes that the ordering of the report from Dr. Libov was known to it at the date of the disposition, but the report had not yet been completed. Now that the report has been completed, it is argued that it should now be considered by this Court and that a new disposition be scheduled, which would consider this report.

 RESPONDENT'S ARGUMENT
The Respondent, of course, opposes the motion on several grounds. Initially, Respondent argues that since a juvenile delin-quency matter is essentially a criminal proceeding, that once the dispositional order is entered, jeopardy attaches and therefore the relief requested is barred by the double jeopardy clause of the United States and the New York State Constitutions.
Respondent's second argument is that if the Court were to grant the motion and "re-open" the dispositional hearing, then the adjudication of delinquency must be vacated and the petition dismissed, as the Respondent's statutory speedy trial rights have been violated.
The Respondent further argues that there is no provision in the Family Court Act and no legal basis whatsoever for the instant application and that CPLR Rule 2221 is not applicable to "re-open" the disposition in a juvenile delinquency matter.
 DECISION AND ORDER
[*5]
Firstly, the statute under which Petitioner moves, CPLR §2221 is, by its very terms, applicable solely to motions, and not to dispositional orders in a juvenile delinquency proceeding. The cases cited by the Petitioner all deal with motion practice only, and again, are irrelevant to the instant application.
The Family Court is a statutory court and equity is irrelevant (with a few exceptions, such as the equitable estoppel doctrine in a paternity matter); this is especially true regarding Article 3 matters. The Court and both parties are constrained by the Family Court Act which dictates very strict time limits for juvenile delinquency proceedings. FCA §350.1 specifically states that the dispositional hearing may only be adjourned on motion of the
Respondent, and for good cause, for no more than thirty days; and may be adjourned by the Court, or the Presentment Agency, also for
good cause, for no more than ten days. Here, neither party, nor the Court, requested any adjournment of the dispositional hearing date of February 3, 2005, and in fact the disposition on that date was rendered on consent.
This Court notes that although Dr. Libov apparently states that she will not accept the Respondent into her program (and this is one of the reasons given by the Presentment Agency for its instant application), nevertheless, this Court's order of disposition nowhere mentions Dr. Libov's program and simply states that the Respondent is placed on probation for two years, the terms of which incorporate the Order and Conditions of Probation Supervision, which include "therapy, if and as directed by Probation; cooperate with sex offender specific treatment and the additional conditions of Probation pertaining to sex offenders." This quotation is set forth as a specific condition in the Order and Conditions of Supervision by the Probation Department, also dated February 3, 2005 and executed by the Respondent, his mother, and this Court. Nowhere in the order of disposition nor in the conditions of Probation supervision is there any mandate that the Respondent attend Dr. Libov's program.
The Presentment Agency further attempts to "re-open" the disposition based upon newly discovered evidence. Again, although Dr. Libov's recommendations were not known at the time of the
disposition, they are not "newly discovered facts" such as to allow this Court to "re-open" the disposition. The nearest statutory authority this Court can find is CPL §440.10. However, that statute is inapplicable to the instant application, as the "newly discovered evidence," in the Court's opinion, could have been produced by the Presentment Agency, with due diligence, on February 3, 2005. Furthermore, that statute only applies to such evidence to be produced by the [*6]defendant (or respondent), not the Presentment Agency.
This Court is a designated juvenile delinquency part, and has been sitting for almost eight years. In virtually every juvenile delinquency matter which reaches the dispositional phase, there are one or more informational items outstanding, included but not limited to school records, psychological records, social workers' reports, psychiatric records and history, medical reports and the
like. Not only is it extremely common, but it is the norm, that dispositions proceed without all of the information which the
Probation Department and the Presentment Agency would wish to have. In the matter at bar, there was in fact one adjournment on consent, to allow for this Court's receipt of the reports from the psychia-
trist and the clinical social worker, at which time both parties
settled the disposition, subject to the Court's approval. At no time, as the moving papers admit, did the Presentment Agency request an adjournment in order to receive Dr. Libov's report. This Court further notes that Dr. Libov, a clinical psychologist, evaluated this Respondent on a voluntary basis, with Respondent's consent, and it appears that the Respondent's mother made payment to Dr. Libov for that examination.
The Presentment Agency argues that is concerned that Respondent will not abide by the conditions of Probation. That concern is irrelevant; if there is a violation, the Probation Department may file the appropriate petition.
The only statutory mechanism which would allow for a new dispositional hearing or to modify an existing dispositional order
is set forth in FCA §355.1(1)(a), which states that upon a showing of a "substantial change of circumstances," the Respondent (not the Petitioner) may make a motion for such relief, or the Court may, on its own motion, grant a new dispositional hearing upon a showing of changed circumstances. It is clear that changed circumstances have not been shown and that neither the Respondent nor this Court have made the instant motion.
Regarding the constitutional issues raised by the Respondent, they need not be addressed in this decision, as this Court's decision is based upon non-constitutional grounds. See New York City Transit Authority, et al v. Beazer, et al, 440 US 568, 583 (1979) and Tucker v Tucker, 55 [*7]NY2d 378, 387 (1982).
In sum, the procedure urged by the Presentment Agency is some-thing totally unknown to our practice. The Presentment Agency may
not reargue or renew a dispositonal order upon any of the grounds enumerated in the moving papers. Additionally, the Presentment
Agency cites no other authority whatsoever, nor is this Court aware of any authority, to allow the instant motion to be granted. Accordingly, the motion is dismissed in its entirety.
This constitutes the Decision and Order of the Court.
Dated: Westbury, New York
 March 31, 2005